DECISION
George A. Hayden, defendant-appellant, appeals a decision of the Franklin County Court of Common Pleas dismissing his "Petition to Vacate or Set Aside Conviction and Sentence Pursuant to Ohio Revised Code Section 2953.21."
On April 14, 1996, appellant was convicted by a jury for the murder of Charleton Enoch. In State v. Hayden (Dec. 5, 1995), Franklin App. No. 95APA05-559, unreported, we affirmed appellant's convictions. Pursuant to App.R. 26(B), appellant filed a motion with our court to have his appeal reopened based upon the alleged ineffective assistance of his appellate counsel. Appellant's motion was granted, and in State v. Hayden (Sept. 16, 1997), Franklin App. No. 95APA05-559, unreported, we again affirmed appellant's convictions. The Ohio Supreme Court dismissed appellant's appeal of our decision in State v. Hayden (1998),81 Ohio St.3d 1415, holding that the case did not involve any substantial constitutional questions.
On November 2, 2000, appellant filed a petition for post-conviction relief with the trial court alleging his original trial counsel was ineffective. The trial court dismissed his petition on May 25, 2001, finding that: (1) appellant's attorney was presumed competent and provided him with effective assistance of counsel; (2) appellant failed to meet his burden demonstrating ineffective assistance of counsel; (3) appellant failed to adequately raise the claim of ineffective assistance of counsel; and (4) there were no substantive grounds of relief presented in appellant's petition. Appellant appeals the trial court's decision and presents the following single assignment of error:
 APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Appellant argues in his assignment of error that he received ineffective assistance of counsel during his original trial. Appellant argues a new trial should be ordered with new counsel being appointed to represent him.
Appellant has filed his petition for post-conviction relief pursuant to R.C. 2953.21(A)(1), which states in part:
 Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.
R.C. 2953.21(A)(2) states that a "petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." If no appeal is filed, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Id.
This version of R.C. 2953.21 became effective on September 21, 1995. Prior to this amendment, the post-conviction relief statute allowed a petitioner to file a post-conviction relief petition at any time after his or her conviction. State v. Rogers (Feb. 17, 2000), Cuyahoga App. No. 76627, unreported, discretionary appeal not allowed 89 Ohio St.3d 1426. The legislature also included a section of uncodified law in the newer version of Section 3, Am.Sub.S.B. No. 4, which provides:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
The "obvious intent" of the General Assembly with the newer version of R.C. 2953.21(A)(2) is to place a time limitation on post-conviction actions. State v. Price (Sept. 29, 1998), Franklin App. No. 98AP-80, unreported, discretionary appeal not allowed (1999), 84 Ohio St.3d 1505. We have held the new time limitations do not violate the ex post facto clause of the United States Constitution in State v. Ayala (Nov. 10, 1998), Franklin App. No. 98AP-349, unreported, discretionary appeal not allowed (1999), 85 Ohio St.3d 1424. "The time limits imposed by R.C.2953.21(A) do not change the quantum of punishment, or attach any new legal consequences to the events completed before its enactment." Id.
In the present case, since appellant was convicted before the effective date of the statute, he was required to file his motion for post-conviction relief within one year after the effective date of the amended statute. State v. Jackson (Sept. 28, 2001), Franklin App. No. 01AP-427, unreported. Since appellant did not file his petition within the time parameters specified in the statute, the trial court lacked jurisdiction to determine the issues raised in appellant's petition unless one of the exceptions to the time requirement within R.C. 2953.23(A) applied. State v. Nelms (July 10, 2001), Franklin App. No. 00AP-1465, unreported. R.C. 2953.23 states:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
A review of appellant's petition shows he does not allege any of the exceptions contained in R.C. 2953.23(A)(1) apply to the present case. Additionally, a review of appellant's petition fails to show by clear and convincing evidence that but for constitutional error at trial, no reasonable factfinder would have found appellant guilty of murder. We find appellant's petition was untimely and, therefore, the trial court did not have jurisdiction over appellant's petition and the court's dismissal of appellant's petition was proper. Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and PETREE, JJ., concur.